UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>vs.<br><br>DAVID TORGERSON,<br><br>**Defendant.** | 1:24-CR-10015-CBK<br><br>**REPORT AND RECOMMENDATION FOR DISPOSITION OF MOTION TO DISMISS COUNT I OF INDICTMENT** |

David Torgerson seeks to dismiss one count of his indictment charging him with being an unlawful drug user in possession of a firearm, a violation of 18 U.S.C. § 922(g)(3). He argues that § 922(g)(3) unconstitutionally constrains his Second and Fifth Amendment rights—both facially and as applied to him—and that judicial attempts to salvage § 922(g)(3) contravene principles of the separation of powers. Because history and precedent support the constitutional basis for criminalizing controlled substance users when they possess firearms, Torgerson's motion to dismiss should be denied.

1

## BACKGROUND

The Government's indictment alleges Torgerson possessed five firearms, including a machine gun, when a search warrant was executed on his residence.[1] Also discovered in the house were suspected drug residue and drug paraphernalia.[2] When questioned, Torgerson told law enforcement that he used methamphetamine earlier that day; in a later urinalysis, he tested positive for THC and methamphetamine.[3] Torgerson is charged with one count of being an unlawful drug user in possession of a firearm[4] and one count of illegally possessing a machine gun.[5]

Torgerson now moves to dismiss the user-in-possession count of the indictment,[6] claiming that § 922(g)(3) is unconstitutional. The statute criminalizes "an unlawful user of or addict[] to any controlled substance" from transporting, possessing, or receiving a weapon in interstate commerce.[7] His Second Amendment arguments are that: (1) § 922(g)(3) facially infringes on his rights; and (2) the statute, as-applied to him (found in possession of the firearms in his home and without a criminal history of controlled substance use), is unconstitutional. He also argues that § 922(g)(3) violated his procedural due process rights under the Fifth Amendment because he was not given notice or a

---

[1] Docket No. 1; Docket No. 21, at 1–2.
[2] Docket No. 21, at 1.
[3] *Id.* at 1–2.
[4] *See* 18 U.S.C. §§ 922(g)(3), 924(a)(8).
[5] *See id.* §§ 922(o), 924(a)(2).
[6] Docket No. 21.
[7] 18 U.S.C. § 922(g)(3).

2

hearing before the law criminalized his firearm possession. Relatedly, Torgerson insists that the statute is vague and contravenes his Fifth Amendment due process rights. He lastly contends that court attempts to save § 922(g)(3) violate the Separation of Powers doctrine.

## ANALYSIS

### I. Second Amendment

### A. Facial Challenge

"A facial challenge is really just a claim that the law or policy at issue is unconstitutional in all its applications."[8] Facial challenges look beyond the facts of any case; "[i]f some applications [of the statute] are constitutional, then facially speaking, the statute is too."[9]

Torgerson maintains that § 922(g)(3) facially violates his constitutional right to keep and bear arms under the Second Amendment. In doing so, he acknowledges that Eighth Circuit precedent forecloses his challenge.[10] Because that precedent[11] controls and is binding on the court, Torgerson's facial challenge must fail.

---

[8] *Bucklew v. Precythe*, 587 U.S. 119, 138 (2019).
[9] *United States v. Veasley*, 98 F.4th 906, 909 (8th Cir. 2024), *cert. filed*, No. 24-5089 (July 16, 2024).
[10] Docket No. 21, at 3, 9.
[11] *United States v. Seay*, 620 F.3d 919, 925 (8th Cir. 2010); *Veasley*, 98 F.4th at 908, 918.

3

### B. As-Applied Challenge

An as-applied challenge looks to the defendant's circumstances.[12] Whereas facial challenges review whether the law is unconstitutional as written, an as-applied challenge argues that the law's application to the defendant's facts violates his constitutional rights.[13] To succeed in an as-applied challenge under the Second Amendment, the defendant must establish that: (1) his rights are rooted in the Amendment's text, and (2) the statutory prohibition does not fit the Nation's history and tradition of firearm regulation as it relates to his facts.[14]

Torgerson's as-applied challenge is premature. The Federal Rules of Criminal Procedure allow a party to bring a motion to dismiss when the court can decide the issue without a trial on the merits.[15] "A motion is capable of pretrial determination 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion."[16]

The court does not have all the facts to make an informed decision on the merits just yet. While "Rule 12 contemplates that . . . courts may sometimes make factual

---

[12] *United States v. Lehman*, 8 F.4th 754, 757 (8th Cir. 2021).
[13] *Id.*
[14] *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 19 (2022).
[15] Fed. R. Crim. Pro. 12(b)(1).
[16] *United States v. Turner*, 842 F.3d 602, 604 (8th Cir. 2016) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)).

findings when ruling on pretrial motions," a court may not "make factual findings when an issue is 'inevitably bound up with evidence about the alleged offense itself.'"[17]

Here, there are unresolved fact issues—such as the extent and timing of his drug use—that the jury must decide. And circumstances surrounding Torgerson's gun possession, like whether he posed a danger to others, may also be important to decide his as-applied challenge.[18] The court should therefore either hold Torgerson's as-applied challenge in abeyance or deny it without prejudice until the presentment of evidence at trial.

## II. Procedural Due Process

Torgerson claims that § 922(g)(3) is unconstitutional because it denies him of his right to possess a firearm without pre-deprivation due process.[19] Pointing to process offered to felons-in-possession,[20] those "adjudicated as a mental defective or . . .

---

[17] *Id.* at 605 (quoting *United States v. Grimmett*, 150 F.3d 958, 962 (8th Cir. 1998)).
[18] *See United States v. Veasley*, 98 F.4th 906, 916 (8th Cir. 2024), *cert. filed*, No. 24-5089 (July 16, 2024).
[19] U.S. Const. amend. V.
[20] 18 U.S.C. § 922(g)(1).

5

committed to a mental institution,"[21] and who are subject to court orders,[22] he argues that § 922(g)(3) is a "radical departure from [the Nation's] procedural norms and traditions."[23]

Unlike Second Amendment claims that prohibit interest-balancing,[24] Torgerson's procedural due process rights require weighing interests.[25] To prevail, he must show a deprivation of life, liberty, or property without sufficient process.[26] In determining what process is due, a court must consider three factors: (1) the defendant's interest affected by the firearm seizure; (2) the risk of erroneous deprivation of such interest by the procedures employed and the value of more procedural safeguards; and (3) the governmental interest involved.[27]

Torgerson no doubt has been deprived of his property right in the use and enjoyment of his firearms. His interest is a fundamental right protected by the Second Amendment.[28] Even so, that interest must be balanced against an equally compelling governmental interest.[29] While the courts have abandoned considering the Government's interest when reviewing Second Amendment issues, they still recognize the long-

---

[21] *Id.* § 922(g)(4).
[22] *Id.* § 922(g)(8).
[23] Docket No. 21, at 13 (emphasis omitted).
[24] *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 20 (2022).
[25] *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *see also United States v. Grey Water*, 395 F. Supp. 2d 850, 857 (D.N.D. 2005) (then-District Judge Erickson citing *Mathews* in his procedural due process analysis of § 922(g)(3)); *United States v. Barron*, No. 23-cr-30107, 2024 WL 4132350, at *11 (D.S.D. Jan. 5, 2024), *R. & R. adopted*, 2024 WL 4132182 (D.S.D. Feb. 21, 2024).
[26] *Padda v. Becerra*, 37 F.4th 1376, 1382 (8th Cir. 2022).
[27] *Mathews*, 424 U.S. at 335.
[28] *District of Columbia v. Heller*, 554 U.S. 570, 599 (2008).
[29] *See Grey Water*, 395 F. Supp. 2d at 857–58; *Wrenn v. District of Columbia*, 864 F.3d 650, 655 (D.C. Cir. 2017) ("But gun laws almost always aim at the most compelling goal—saving lives.").

standing understanding that guns and drugs do not mix.[30] The governmental interest in temporarily disarming him before a trial outweighs Torgerson's property interest in his guns. This balancing is enforced by the procedures that are in place. Courts have rejected claims like Torgerson's, emphasizing that a finding of guilt beyond a reasonable doubt *is* the judicial process that a drug user requires.[31]

Torgerson's dismissal motion, based on a claimed procedural due process deprivation, should thus be denied.

### III. Vagueness

To facially attack a statute for vagueness requires the defendant to show "that the statute is vague as applied to his particular conduct."[32] The reason is elementary: a defendant cannot engage in conduct clearly proscribed by the statute and then "complain of the vagueness of the law as applied to the conduct of others."[33]

Torgerson says that the statute is vague because it does not define the terms "addicted to" and "unlawful user." The Eighth Circuit has recognized that § 922(g)(3)

---

[30] *See United States v. Veasley*, 98 F.4th 906, 912–918 (8th Cir. 2024) (analogizing drug users and addicts to the mentally ill and the offense called Terror of the People, noting the historical tradition of disarming those folks), *cert. filed*, No. 24-5089 (July 16, 2024).

[31] *Id.* at 916; *United States v. Barron*, No. 23-cr-30107, 2024 WL 4132350, at *11 (D.S.D. Jan. 5, 2024), *R. & R. adopted*, 2024 WL 4132182 (D.S.D. Feb. 21, 2024).

[32] *United States v. Bramer*, 832 F.3d 908, 909 (8th Cir. 2016) (per curiam); *accord United States v. Milk*, 66 F.4th 1121, 1135 (8th Cir. 2023).

[33] *United States v. Koech*, 992, F.3d 686, 688–89 (8th Cir. 2021) (quoting *United States v. Cook*, 782 F.3d 983, 987 (8th Cir. 2015)).

may be unconstitutionally vague "on the right facts."[34] This concession appears to hinge on the temporal nexus between gun possession and regular drug use that the appeals court has interpreted § 922(g)(3) to have.[35] It would be premature and invasive of the jury's role to decide the issue on the merits at this stage of the prosecution.[36] The vagueness portion of Torgerson's dismissal motion should consequently be denied or held in abeyance until evidence can be presented at trial.[37]

### IV. Separation of Powers

As the court understands it, Torgerson contends that Congress is vested with the sole power to write laws, and that judicial attempts to rescue § 922(g)(3) from vagueness challenges usurp Congress's legislative role. In a sense, Torgerson argues the judiciary's statutory interpretation of § 922(g)(3) is effectively writing new law.

Since the founding era it has been understood that the judiciary's function is to "say what the law is."[38] This duty extends to interpreting statutes.[39] When construing § 922(g)(3), a court does not *create* law; it is harnessing its judicial powers to *interpret* what

---

[34] *United States v. Deng*, 104 F.4th 1052, 1055 (8th Cir. 2024) (cleaned up), *cert. filed*, No. 24-5404 (Aug. 22, 2024).
[35] *United States v. Carnes*, 22 F.4th 743, 748 (8th Cir. 2022).
[36] *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016).
[37] *See United States v. Blue Bird*, No. 22-cr-30112, 2024 WL 35247 (D.S.D. Jan. 3, 2024) (deferring ruling on an as-applied challenge until trial to resolve factual issues related to the alleged offense).
[38] *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803).
[39] *See Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2258 (2024) ("[T]he interpretation of the meaning of statutes, as applied to justiciable controversies, [is] exclusively a judicial function." (cleaned up) (quoting *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 544 (1940)); *Pulsifer v. United States*, 601 U.S. 124, 141–42 (2024) (interpreting a statutory list connected by an "and" to mean any one from the list).

the law is. That is what the Separation of Powers doctrine demands. Torgerson's theory on this doctrine cannot succeed.

## RECOMMENDATION

In accordance with the authorities and legal analysis set forth in this report, and the record before the court, it is

RECOMMENDED that Torgerson's motion to dismiss Count I of the indictment[40] be denied as it relates to his challenges that 18 U.S.C. § 922(g)(3) facially violates the Second Amendment, his procedural due process rights, and the Separation of Powers doctrine. Torgerson's as-applied challenge claiming § 922(g)(3) violates his Second Amendment rights and his vagueness contention should either be dismissed without prejudice or held in abeyance until the presentation of trial evidence.

## NOTICE

The parties have 14 calendar days after service of this report and recommendation to object.[41] Unless an extension of time for cause is later obtained, failure to timely object will result in the waiver of the rights to appeal questions of fact.[42] Objections must "identify[] those issues on which further review is desired."[43]

---

[40] Docket No. 1.
[41] 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2).
[42] *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990) (per curiam); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986).
[43] *Nash*, 781 F.2d at 667 (quoting *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

DATED this 11th day of September, 2024.

                                                     **BY THE COURT:**

                                                   */s/ Mark A. Moreno*

                                                   **MARK A. MORENO**
                                                   **UNITED STATES MAGISTRATE JUDGE**