UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID TORGERSON,<br><br>Defendant. | 1:24-CR-10015-1-CBK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND ORDER ON MOTION TO DISMISS |

Defendant is charged in Count I with being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3) and in Count II with illegal possession of a machine gun in violation of 18 U.S.C. § 922(0). Defendant moved to dismiss Count I. Magistrate Judge Mark A. Moreno issued a report and recommendation wherein he recommended that the motion to dismiss be denied. Defendant filed objections. I must conduct a *de novo* review of any portion of the Magistrate Judge's proposed findings or recommendations to which objection is made. 28 U.S.C.A. § 636(b)(1), Fed. R. Crim. P. 59(b)(3).

I. **Second Amendment Challenge.**

Defendant contends that § 922(g)(3) infringes on his Second Amendment right to bear arms. He raises both a facial and as-applied challenge to § 922(g)(3).

A. **Facial Challenge.**

A facial challenge to a legislative Act "is the 'most difficult challenge to mount successfully,' because it requires a defendant to 'establish that no set of circumstances exists under which the Act would be valid.'" United States v. Rahimi, 602 U.S. ___, ___, 144 S. Ct. 1889, 1898, 219 L. Ed. 2d 351 (2024) (*quoting* United States v. Salerno, 481 U.S. 739, 745, 107 S. Ct. 2095, 2100, 95 L. Ed. 2d 697 (1987)). The United States Supreme Court has held that, "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 17, 142 S. Ct. 2111, 2126, 213 L.

Ed. 2d 387 (2022). In Bruen, the Supreme Court announced a new rule for analyzing Second Amendment challenges.

> To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. at 17, 142 S. Ct. at 2126.

The United States Court of Appeals for the Eighth Circuit applied Bruen in United States v. Veasley, 98 F.4th 906, 918 (8th Cir. 2024), *cert. denied*, October 7, 2024, 2024 WL 4427336, concluding that 18 U.S.C. § 922(g)(3) is facially constitutional. That decision is binding on the district courts in the Eighth Circuit. Defendant so acknowledges that his Second Amendment facial challenge is foreclosed by Veasley, but seeks to preserve his claim in the event that Veasley is reversed by the United States Supreme Court or rescinded by the Eighth Circuit. The Magistrate fairly and accurately applied binding precedent, precluding defendant's objection.

**B. As-Applied Challenge.**

"An as-applied challenge consists of a challenge to the statute's application only as-applied to the party before the court. If an as-applied challenge is successful, the statute may not be applied to the challenger, but is otherwise enforceable." Republican Party of Minn., Third Cong. Dist. v. Klobuchar, 381 F.3d 785, 790 (8th Cir. 2004) (citations omitted). Defendant objected to the Magistrate's failure to make specific findings on his as-applied challenge to § 922(g)(3) and his recommendation to defer ruling on the issue until trial on the merits. The United States Court of Appeals for the Eighth Circuit has previously considered the same issue. In United States v. Turner, the Eighth Circuit held that ruling on an as-applied challenge to § 922(g)(3) should be deferred until trial if disposing of the motion to dismiss requires making factual determinations of contested facts. United States v. Turner, 842 F.3d 602, 605 (8th Cir. 2016).

> The phrase "unlawful user of . . . any controlled substance" in 18 U.S.C. § 922(g)(3) is not defined by statute and "runs the risk of being unconstitutionally vague without a judicially-created temporal nexus between the gun possession and regular drug use." In order to rule on [defendant's] as applied constitutional challenge, the district court therefore had to determine whether he had engaged in "regular drug use" at the time he possessed the firearm. The "facts surrounding the commission of the alleged offense" would assist with that determination, and the contested defense therefore could not be ruled upon without a "trial on the merits."

United States v. Turner, 842 F.3d at 605 (internal citations omitted).

"In as-applied challenges, 'the particular facts' matter." Miller v. Ziegler, 109 F.4th 1045, 1049 (8th Cir. 2024). Plaintiff neither admitted to the facts claimed by the government in resistance to the motion to dismiss nor suggested facts of his own. The Magistrate correctly recommended deferral of this issue until trial.

## II. Fifth Amendment Challenge.

Defendant objects to the Magistrate's rejection of his Fifth Amendment challenge to the enforcement of 18 U.C.C. § 922(g)(3) against him. The United States Supreme Court has instructed:

> The Due Process Clause of the Fifth Amendment provides that "No person shall . . . be deprived of life, liberty, or property, without due process of law. . . ." This Court has held that the Due Process Clause protects individuals against two types of government action. So-called "substantive due process" prevents the government from engaging in conduct that "shocks the conscience," or interferes with rights "implicit in the concept of ordered liberty." When government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner. This requirement has traditionally been referred to as "procedural" due process.

United States v. Salerno, 481 U.S. at 746, 107 S. Ct. at 2101 (internal citations omitted). Defendant contends that criminalizing his conduct – that is, indicting him for violating the law - without a prior adjudication that he is a drug user violates his right to Procedural Due Process. Defendant contends that more is required than mere Congressional action before a person loses Second Amendment rights.

3

Magistrate Moreno addressed the claim that a person without a prior conviction for being a drug user has no process prior to disarmament.

> [Section] 922(g)(3) is not facially unconstitutional under the procedural due process component of the Fifth Amendment. The government may only charge a person with a § 922(g)(3) offense by indictment (a grand jury determination that there is probable cause to believe the person committed such an offense). After an indictment is returned, a judge must, in turn, find probable cause to arrest that person. Once the person is arrested, he is entitled to be brought to court promptly and be heard on bail. Until he pleads or is found guilty, he is presumed innocent. The government must prove, beyond a reasonable doubt that, as an unlawful user of a controlled substance, he knowingly possessed a firearm. Balancing the three factors described in *Mathews v. Eldridge*, the Court concludes that the process granted to those charged under § 922(g)(3), or at risk of being so, satisfies due process. That process, which requires a preliminary showing to an independent tribunal and provides for a jury trial, comports with the procedural protections of the Fifth Amendment.

United States v. Barron, No. 3:23-CR-30107-RAL, 2024 WL 4132350, at *11 (D.S.D. Jan. 5, 2024), report and recommendation adopted by Chief Judge Roberto A. Lange, 2024 WL 4132182 (D.S.D. Feb. 21, 2024).

Defendant posits that, as to felons prohibited from possessing firearms pursuant to 18 U.S.C. § 922(g)(1), a particular defendant has a prior conviction which occurred after due process – a trial or a guilty plea proceeding. Defendant is in no worse condition than a person charged with a first offense of operating a vehicle while intoxicated. At the time the defendant is charged, there is no "prior" adjudication that the person was, at the time of the alleged current offense, intoxicated. I reject defendant's Fifth Amendment Due Process challenge.

**III. Void for Vagueness.**

Finally, defendant contends that § 922(g)(3) is unconstitutionally vague in violation of his Fifth Amendment right to Due Process. He objects to the failure of Magistrate Moreno to make findings as to this claim and to defer such findings until trial on the merits.

"A criminal statute is void for vagueness under the Fifth Amendment's Due Process Clause 'if it fails to give ordinary people fair notice of the conduct it punishes or is so standardless that it invites arbitrary enforcement.'" United States v. Deng, 104 F.4th 1052, 1054 (8th Cir. 2024) (pending petition for writ of *certiorari* filed August 22, 2024, Supreme Court No. 24-5404) (*quoting* United States v. Turner, 842 F.3d 602, 604 (8th Cir. 2016) (cleaned up) (*quoting* Johnson v. United States, 576 U.S. 591, 595, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015))). "A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited." United States v. Williams, 553 U.S. 285, 304, 128 S. Ct. 1830, 1845, 170 L. Ed. 2d 650 (2008).

> Section 922(g)(3) prohibits anyone "who is an unlawful user of or addicted to any controlled substance" from possessing firearms. Because the term "unlawful user" "runs the risk of being unconstitutionally vague," we interpret it to "require a temporal nexus" between the gun possession and regular drug use. Admittedly, § 922(g)(3) might still be unconstitutionally vague on "the right fact[s]," but this isn't that case. Deng admitted that he frequently used marijuana and knew that he was a marijuana user when he possessed the gun.

United States v. Deng, 104 F.4th at 1054–55.

"[Defendant] need not prove that § 922(g)(3) is vague in all its applications, [Eighth Circuit] case law still requires him to show that the statute is vague as applied to his particular conduct. United States v. Bramer, 832 F.3d 908, 909 (8th Cir. 2016). "We consider whether a statute is vague as applied to the particular facts at issue, for '[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'" United States v. Cook, 782 F.3d 983, 987 (8th Cir. 2015) (*quoting* Holder v. Humanitarian Law Project, 561 U.S. 1, 18-19, 130 S.Ct. 2705, 2718-19, 177 L.Ed.2d 355 (2010)).

The government contends that, at the time a search warrant was executed, law enforcement found five firearms, along with methamphetamine and drug paraphernalia, in an apartment occupied by defendant. Defendant allegedly

5

admitted using methamphetamine earlier that day and provided a urine sample which was presumptively positive for methamphetamine and marijuana. If those alleged facts are true, under Supreme Court and Eighth Circuit precedent, the statute would not be vague as to defendant. Defendant did not address the government's allegations and neither admitted nor denied the underlying alleged facts of his case. Therefore, the Magistrate correctly recommended deferral of this issue until trial.

Defendant contends that the statute is vague because Congress failed to provide a meaningful definition for the terms "addicted to" and "unlawful user." He argues that the doctrine of Separation of Powers prohibits judicial intervention to save § 923(g)(3)'s void for vagueness. This is not a separate attack on the constitutionality of § 923(g)(3) but instead another legal argument that the U.S. Courts cannot cure the claimed vagueness by attempts to judicially define those terms.

Defendant objects to the Magistrate's failure to address this legal claim separately from his void for vagueness argument. As set forth previously, defendant's void for vagueness challenge must be deferred and therefore there is no need to address his argument that the Court did not rule as a matter of law that the statute is unconstitutionally vague.

Now, therefore,

IT IS ORDERED:

1. The magistrate's report and recommendation, Doc. 23, is adopted.

2. Defendant's objections, Doc. 27, are overruled.

3. Defendant's motion, Doc. 21, to dismiss Count I of the indictment is denied.

DATED this 9th day of October, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge